UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZETTE JANOFF and JENISE RUSBY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | 18 cv _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action against an airline for breach of contract. Plaintiffs are former flight attendants who agreed to leave their jobs in exchange for the airline's promise to provide them with, among other things, a specified category of free travel pass privileges for the rest of their lives. Although the airline initially complied with this agreement, the airline subsequently stopped providing plaintiffs with the promised category of travel pass privileges, and instead gave plaintiffs an inferior category of travel pass privileges. Plaintiffs, on behalf of themselves and all others similarly situated, seek an Order of this Court requiring the airline to resume providing them with the promised category of travel pass privileges.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367.

3. The matter in controversy with respect to each Plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The matter in controversy with respect to Plaintiffs and members of the Class (as defined below) exceeds, in the aggregate, the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

6. Plaintiff Suzette Janoff is a resident of the State of Arizona. From approximately 1983 through 1996, Ms. Janoff was a flight attendant employed by American Airlines, Inc.

7. Plaintiff Jenise Rusby is a resident of the State of Indiana. From approximately 1980 through 1996, Ms. Rusby was a flight attendant employed by American Airlines, Inc.

8. Defendant American Airlines, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas.

## CLASS ACTION ALLEGATIONS

9. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

10. Plaintiffs bring this action on their own behalf and on behalf of a putative class of similarly situated persons.

11. The putative class (the "Class") consists of all individuals who worked as flight attendants for Defendant or its affiliates and separated from employment, prior to age 50, pursuant to Defendant's 1995 Special Voluntary Early Out Program ("SVEOP").

12. The Class is so numerous that joinder of all members is impracticable. On information and belief, in or about 1996, approximately 320 to 450 flight attendants separated from employment pursuant to the SVEOP. On information and belief, the majority of those individuals were under age 50 at the time of their separation. Plaintiffs do not currently know the names of all members of the Class.

13. The questions of law and fact common to the Class predominate over any questions affecting only individual members.

14. Plaintiffs' claims are typical of those of the Class.

15. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CLAIM FOR RELIEF**

17. Plaintiffs repeat the allegations set forth in paragraphs 1-16 above and incorporate them herein by reference.

18. On or about November 8, 1995, Defendant offered the SVEOP as an incentive for eligible flight attendants to terminate their employment in exchange for specified cash payments, a pension enhancement, retiree medical benefits, life insurance, and travel privileges. Defendant set forth this offer in the "Terms and Conditions" attached hereto as Exhibit 1.

19. Plaintiffs and members of the Class met all SVEOP eligibility requirements prescribed by the Terms and Conditions.

20. Defendant set a deadline of December 22, 1995 for flight attendants to accept the offer in writing. (Ex. 1 at 1.)

21. Defendant reserved to itself the right to establish the effective date of the resignation of each flight attendant who accepted the offer. (Ex. 1 at 20, Q&A 60.)

22. On or before December 22, 1995, Plaintiffs and members of the Class accepted Defendant's offer by signing a document provided by Defendant entitled "Special Voluntary Early Out Program Election Form – Flight Attendants," substantially in the form attached hereto as Exhibit 2.

23. Plaintiffs and members of the Class thereby entered into contracts with Defendant.

24. Plaintiffs and members of the Class performed their obligations under those contracts in all material respects. Among other things, Plaintiffs and members of the Class resigned their positions and signed a document entitled "Special Voluntary Early Out Program/Complete Release of All Claims" provided by Defendant, substantially in the form attached hereto as Exhibit 3.

25. Plaintiffs and members of the Class separated from employment before reaching age 50.

26. The Terms and Conditions provided in pertinent part: "If you are less than age 50 when you leave the Company under this Program, you, your spouse, and dependent children . . . will be eligible for unlimited D2 travel which will be issued during your lifetime only. . . . Upon your death, these travel privileges will cease." (Ex. 1 at 3.)

27. Similarly, the Terms and Conditions provided: "If you are under age 50 as of your resignation date, you will be eligible for unlimited D-2 passes for yourself,

spouse, and dependent children . . . . This travel is provided during your lifetime only and does not have any survivor benefits." (Ex. 1 at 11, Q&A 23.)

28. The Terms and Conditions provided that "[a]ll travel will be governed in accordance with current and future regulations regarding pass travel." (*Id.*) The Terms and Conditions expressly provided, however, that the procedures will be "the same as for active AA employees" and that "[i]f the procedures change in the future for active employees, they will also change for you." (Ex. 1 at 13, Q&A 31.)

29. A travel pass entitles the holder to free travel if an unsold seat is available. There are several categories of travel passes, each of which entitles the holder to board in a specified order of priority. For example, "D-1" passes have priority over "D-2" passes.

30. Defendant's active employees and their dependents have historically received, and continue to receive, among other things, a limited number of D-1 passes per year and an unlimited number of D-2 passes.

31. Defendant's retirees historically received, among other things, an unlimited number of D-2 passes for themselves (during their lifetime) and their dependents (during the retiree's lifetime and after the retiree's death).

32. Historically, Defendant generally did not provide any travel passes to former employees who were too young to retire when their employment ended. The SVEOP was an exception. Under the SVEOP, Plaintiffs and members of the Class became entitled to D-2 passes even though they separated from employment before they were old enough to retire.

33. In September 2014, Defendant downgraded the travel passes of Plaintiffs and members of the Class (as well as other former employees) to a newly-created category

called D-2R. Active employees and their dependents continued to have D-2 passes, which had priority over D-2R passes.

34. By making this change, Defendant made it much more difficult for Plaintiffs and members of the Class (and their spouses and dependents) to use their passes for travel on desirable flights – including but not limited to flights to and from Defendant's hubs at John F. Kennedy International Airport and LaGuardia Airport in New York City – because the number of D-1 and D-2 pass holders seeking to board these flights frequently exceeded the number of unsold seats.

35. By making this change, Defendant breached its contracts with Plaintiffs and members of the Class.

36. Plaintiffs and members of the Class have no adequate remedy at law to redress Defendant's breaches of contract.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Order Defendant to provide unlimited D-2 travel passes to Plaintiffs and members of the Class, and their spouses and dependents, for the remainder of the lives of Plaintiffs and members of the Class;

2. Award Plaintiffs and members of the Class the reasonable attorneys' fees and costs incurred by them in prosecuting this action; and

3. Award Plaintiffs and members of the Class such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York  
      May 4, 2018

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By: /s/ *Charles R. Virginia*  
Charles R. Virginia  
Marc A. Tenenbaum  
Nicole Marimon  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080

*Counsel for Plaintiffs  
and the Putative Class*